**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; BUFFALO FIELD CAMPAIGN; TATANKA OYATE; GALLATIN WILDLIFE ASSOCIATION; NATIVE ECOSYSTEMS COUNCIL; YELLOWSTONE BUFFALO FOUNDATION; MEGHAN GILL; CHARLES IRESTONE; DANIEL BRISTER,<br><br>  Plaintiffs - Appellants,<br><br> v.<br><br>KENNETH LEE SALAZAR, Secretary of the Interior; SUZANNE LEWIS, Park Superintendent, Yellowstone National Park; NATIONAL PARK SERVICE, an agency of the U.S. Department of Interior; LESLIE WELDON, Regional Forester, US Forest Service Northern Region; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; MARY ERICKSON, Gallatin National Forest Supervisor,<br><br>  Defendants - Appellees. | No. 11-35135<br><br>D.C. No. 9:09-cv-00159-CCL<br><br>MEMORANDUM[*] |

*

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted August 6, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Western Watersheds Project and others (collectively "WWP") appeal the district court's grant of summary judgment to Kenneth Salazar, Secretary of the Interior and others (collectively the "Agencies"). WWP challenges the Agencies' bison management in and around Yellowstone National Park under the Interagency Bison Management Plan ("IBMP"), adopted in 2000. The IBMP established a plan to adaptively manage Yellowstone bison as wild and free-ranging while also reducing the risk of transmission of brucellosis to Montana cattle.
Our task in this case was made easier by the district court's thorough and well-reasoned opinion. Reviewing the district court's order de novo, *see Or. Natural Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1109 (9th Cir. 2010), we affirm.

We hold that, pursuant to the National Environmental Policy Act of 1969, 42 U.S.C. § 4332, the Agencies were not required to prepare a supplemental environmental impact statement. WWP fails to show that new information

concerning genetic diversity, changes in livestock grazing, the bison seroprevalence rate, development of a brucellosis vaccine, and risk of brucellosis transmission has affected the quality of the environment "in a significant manner or to a significant extent not already considered." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 374 (1989); *see also Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 873 (9th Cir. 2004).  The Final Environmental Impact Statement prepared by the Agencies anticipated that there would be changes to the bison habitat and considered how to prepare for such changes.

Additionally, the Forest Service's adoption and implementation of the IBMP in the Gallatin National Forest does not violate the National Forest Management Act of 1976, 16 U.S.C. §§ 1600–1614.  The law does not require the Forest Service to provide management direction for all animal species located on a forest.  The record also does not support WWP's contention that the Forest Service is failing to ensure bison viability on the Gallatin National Forest.

Finally, the Park Service has discretion to manage the Yellowstone bison at levels that can be accommodated on the available range. *See Intertribal Bison Coop. v. Babbitt*, 25 F. Supp. 2d 1135, 1138 (D. Mont. 1998), *aff'd sub nom.*, *Greater Yellowstone Coal. v. Babbitt*, 175 F.3d 1149 (9th Cir. 1999).  Accordingly, its culling of the Yellowstone bison herd does not violate the National Park Service

3

Organic Act, 16 U.S.C. §§ 1–4, or the Yellowstone National Park Protection Act, 28 Stat. 73 (May 7, 1894).

**AFFIRMED.**